IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAMADOU BAILO DIALLO,                    *
 A#72165710
                        Petitioner,       *

        v.                                    CIVIL ACTION NO. AW-05-3480
                                          *
UNITED STATES OF AMERICA,
                                          *
                        Respondents.
                                    ******

## MEMORANDUM

This 28 U.S.C. § 2241 pro se petition for habeas corpus relief was received for filing on

December 30, 2005.  Petitioner Mamadou Bialo Diallo is a Department of Homeland Security,

Immigration and Customs Enforcement ("ICE") detainee held in custody at the St. Mary's Detention

Center  in Leonardtown, Maryland, while awaiting deportation from the United States to Haiti. [1]

In this petition, he seeks to stay deportation while he challenges the criminal convictions on which

his removal is based. Petitioner admits that he has yet to initiate any challenge to his 2002 state court

conviction for assault and related charges.  To the extent that petitioner intends to attack his

convictions and sentence, he may file a separate habeas corpus action pursuant to 28 U.S.C. § 2254

after first exhausting all state court appellate and post conviction remedies.

The Real ID Act of 2005, Pub. L. No. 109-13, § 106, 119 Stat. 231, enacted May 11, 2005,

substantially modified the route aliens must take to obtain judicial review of an order of removal.

The new law states: "a petition for review filed with an appropriate court of appeals ... shall be the

sole and exclusive means for judicial review of an order of removal entered or issued under any

---

[1]        Petitioner submitted the filing fee with the petition, and his motion for leave to
proceed in forma pauperis will be denied as moot.

provision of this Act."[2]   Section 106(c) of the Act provides:

> [i]f an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed ...

The Act specifically states that these provisions shall take effect on the date of enactment and shall apply to cases "in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this Act."

The new law divests this court of jurisdiction to adjudicate this petition. Instead of dismissing the case, however, the Court shall treat the petition improperly filed in this court and transfer it to the United States Court of Appeals for the Fourth Circuit.  Deportation is stayed pending further order from the Fourth Circuit.[3]

---

[2]       This provision is codified at  8 U.S.C. §1252(a)(5).

[3]       At present, the Fourth Circuit has not indicated whether the transfer of such habeas corpus petitions is acceptable.  In other cases previously before this court, the government has argued that  transfer of post-RIDA habeas corpus cases under 28 U.S.C. § 1631  is inappropriate where the action could not have originally been brought in the transferee court.  See 28 U.S.C. § 1631 (court lacking jurisdiction shall, if it is in the interests of justice, transfer action to any other such court in which the action could have been brought at the time it was filed or noticed).  Under such an argument, however, petitioner would effectively be foreclosed from obtaining review of his statutory claims as any re-filed petition in the Fourth Circuit could automatically be deemed untimely under 8 U.S.C. § 1252(b)(1) (petition for review is to be filed 30 days after the date of the final order of removal).   Further, the RIDA conference report noted that the intent of RIDA is to "give every alien one day in the court of appeals...."  See H.R.Rep. No. 109-72, at 175 (2005).
An argument for dismissal of this case would arguably preclude an alien from judicial review of statutory and constitutional claims in the appellate courts.  RIDA arguably has implications under the Due Process and Suspension Clauses.  See  INS v. St. Cyr, 533 U.S. 289, 299-301 (2001). Prior to the enactment of RIDA, an alien contesting removal could file one of two federal petitions: (i) a petition for review in a court of appeals or (ii) a petition for a writ of habeas corpus in district court. Under the plain terms of § 106(a)(1)(B), however, aliens are foreclosed from filing a habeas petition. In addition, while habeas corpus law provides for evidentiary review, § 106(a)(1)(B) requires aliens to file a petition for review, which restricts the court to "decide the petition only on the

A Order consistent with this Memorandum follows.

<u>January 10, 2006</u>                                          <u>          /s/          </u>
Date                                                             Alexander Williams, Jr.
                                                                 United States District Judge

---

administrative record on which the order of removal is based." <u>See</u> 8 U.S.C. § 1252(b)(4)(A). Given the underlying constitutional implications of RIDA, <u>see</u> <u>Wahab v. U.S. Attorney General</u>, 373 F.Supp.2d 524, 525-26 (E.D. Pa. 2005), appellate scrutiny of the relevant issues is warranted. Therefore, the Court deems it appropriate to transfer this case to the Fourth Circuit.